IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHRN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATIONWIDE JUDGMENT RECOVERY, INC.,
    Plaintiff,

v.                                            CASE NO. 1:22mc55-AW-MAL

HECTOR S. RODRIGUEZ,
    Defendant/Judgment Debtor,

and

BANK OF AMERICA, N.A.,
    Garnishee.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Nationwide Judgment Recovery, Inc.'s Motion for Final Judgement in Garnishment as to Garnishee Bank of America, N.A. with Supporting Memorandum of Law. ECF No. 23. The motion was referred to the undersigned in accordance with Northern District of Florida Local Rule 72.3. For the reasons stated below, I recommend that Plaintiff's Motion for Final Judgment in Garnishment be GRANTED.

## BACKGROUND

1. On July 6, 2022, Plaintiff registered with this court a foreign judgment that issued from the Western District of North Carolina against

1

defendant/judgment debtor Hector S. Rodriguez in the amount of $17,385.18. ECF No.1.

2. On July 15, 2022, Plaintiff filed a motion for writ of garnishment against the garnishee, Bank of America, N.A. ECF No. 3.

3. On July 18, 2022, the Court entered an order granting the motion for writ of garnishment and directed the clerk to issue the writ. ECF No. 7.

4. On November 7, 2022, garnishee Bank of America N.A. filed an answer, confirming two accounts that may be subject to the writ of garnishment. ECF No. 20.  Garnishee set aside $14,426.94 from account number xxxx-xxxx-3685 in the name of Hector S. Rodriguez and Lilliana Gonzalez.[1] Id. at 2. Garnishee set aside $74.30 from account number xxxx-xxxx-9912 in the name of Hector S. Rodriguez. Id.

5. On November 7, 2022, Plaintiff filed a certificate of service of Bank of America, N.A.'s answer and the notice issued to Defendant Hector Rodriguez regarding his right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 19.

---

[1] When a bank's answer "reflects a joint account, without any limitations noted, the debtor is presumed to own the entire account, subject to the right of the account holders to rebut that presumption, such that the full amount of the account is available to the judgment creditor for garnishment, absent evidence of the nondebtor's sole equitable ownership of a specific identifiable portion." Postnet Int'l Franchise Corp. v. R & B Cent. Enterprises, Inc., No. 6:08-CV-00106-22-DAB, 2009 WL 453413, at *3 (M.D. Fla. Feb. 23, 2009).

6. On November 14, 2022, Plaintiff filed a certificate of service of Bank of America, N.A.'s answer and the notice issued to Lilliana Gonzalez regarding her right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 22.

7. On December 5, 2022, Plaintiff filed its motion for final judgment in garnishment against Bank of America, N.A., noting that Plaintiff had complied with the applicable statutes and rules and that neither Hector S. Rodriquez nor Lilliana Gonzalez had moved to dissolve the writ of garnishment or file a claim of exemption. ECF No. 23.

## **DISCUSSION**

Chapter 77, Florida Statutes, sets out the procedures for collection of a judgment by writ of garnishment in the State of Florida. Chapter 77 applies to this proceeding by way of Federal Rule of Civil Procedure 69, which adopts "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a).

Plaintiff has complied with the procedures for writ of garnishment under Chapter 77, Florida Statutes, by:

1. Filing a motion for writ of garnishment after judgment in accordance with Section 77.03, Florida Statutes. ECF Nos. 1 and 3.

2. Having a writ of garnishment issued in compliance with the form of Section 77.04, Florida Statutes, and including the exemption notice required under Section 77.041, Florida Statutes. See ECF Nos. 7 and 3-1.

3. Serving a copy of Bank of America, N.A.'s answer and notice of the right to dissolve the writ on Hector S. Rodriguez and Lilliana Gonzalez, in compliance with Section 77.055, Florida Statutes. ECF Nos. 19 and 22.

The statutory time periods for Hector S. Rodriguez and Lilliana Gonzalez to make a claim of exemption under Section 77.041, Florida Statutes, and to dissolve the writ of garnishment under Section 77.07, Florida Statutes, have expired. To date, no claim of exemption or motion to dissolve has been filed. Because there are no disputed issues to be tried, Plaintiff is entitled to judgment on Bank of America, N.A.'s answer, in accordance with Section 77.083, Florida Statutes.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED:

1. Plaintiff's Motion for Final Judgment in Garnishment as to Garnishee Bank of America, N.A., (ECF No. 23) be GRANTED.

2. Judgment in garnishment in favor of Plaintiff and against Garnishee Bank of America, N.A. be entered in the sum of $14,501.24. Bank of

---

America, N.A. should be directed to forward the funds to Plaintiff within ten days of the date of the judgment, payable to Emery Law, PLLC Trust Account and mailed to: Emery Law, 5011 Gate Parkway, Bldg. 100, Suite 100, Jacksonville, FL 32256. Upon so doing, the Garnishee Bank of America, N.A. will be discharged from further liability under the Writ of Garnishment issued on July 18, 2022, as to Defendant Hector S. Rodriguez.

3. The clerk be directed to close the file.

At Gainesville, Florida, on January 17, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**